IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE CASTELLANOS-GUTIERREZ,[1]

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

OPINION and ORDER

25-cv-341-jdp

---

Petitioner Jorge Castellanos-Guiterrez, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Dkt. 3. Castellanos-Guiterrez was paroled into the United States for federal prosecution and is serving a term of incarceration for a federal crime. He is now subject to an expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Castellanos-Guiterrez contends that because he had been in the United States continuously for the two years prior to the order, he's not subject to expedited removal.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Castellanos-Guiterrez's petition does not fit within scope of allowable petitions. The court will dismiss the petition for lack of jurisdiction.

---

[1] Petitioner is to be recaptioned under the name "Jorge Castellanos-Gutierrez," which is how his name appears in Bureau of Prison records.

BACKGROUND

Castellanos-Guiterrez is a native and citizen of Mexico. Dkt. 3-1 at 2. In 2022, Castellanos-Guiterrez was indicted in the Southern District of California for conspiracy to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Castellanos-Guiterrez*, 12-cr-2414-3, Dkt. 1 and Dkt. 141. Castellanos-Guiterrez pleaded guilty to the sole count of the indictment, and he was sentenced to 235 months' imprisonment. Dkts. 229, 278, and 600 in the '2414 case. Castellanos-Guiterrez is incarcerated at FCI Oxford and has a release date of June 18, 2029.

On August 5, 2025, the Department of Homeland Security (DHS) issued a notice and order of expedited removal against Castellanos-Guiterrez. Dkt. 3-1 at 2. The order states that Castellanos-Guiterrez was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(B)(i)(II) because: (1) he's a native and citizen of Mexico; (2) he was paroled into the United States to the DHS for criminal prosecution; and (3) he lacked valid entry documentation. *See id.*

ANALYSIS

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Castellanos-Guiterrez contends that this court may entertain his petition under § 1252(e). Dkt. 3 at 3. I understand Castellanos-Guiterrez to also contend that § 1252(e)(2) creates an exception to § 1252(a)(5), allowing district courts to exercise jurisdiction over a

habeas petition challenging an expedited order of removal when the petition falls within the scope of § 1252(e)(2).

I will assume that § 1252(e)(2) carves out an exception to the exclusive jurisdiction of the court of appeals under § 1252(a)(5). But the issues that can be addressed by such a petition are restricted:

> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Castellanos-Guiterrez contends that the issue he's raising fits within § 1252(e)(2)(A): he argues that he's not an "alien."

Castellanos-Guiterrez says that the term "alien" is defined in § 1225(b)(1)(A)(iii)(II). That provision provides:

> (II) Aliens described
>
> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the

> 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Castellanos-Guiterrez argues that that he's not an "alien" under this provision because he had been continuously present in the United States for two years before his order of removal. So, the argument goes, under § 1252(e) he's entitled to bring this claim to this court in a habeas petition.

The flaw in Castellanos-Guiterrez's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used in Title 8. Rather, § 1225(b)(1)(A)(iii)(II) identifies a category of aliens who are subject to expedited removal under § 1225.[2] The term "alien" in Title 8 means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). The expedited order of removal says that Castellanos-Guiterrez is a native and citizen of Mexico, and he does not dispute that fact in the petition. Thus, Castellanos-Guiterrez is an "alien" under the general definition. Castellanos-Guiterrez's argument that he should not be subject to expedited removal because he has been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

---

[2] The court of appeals has so held in *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025). The case is unpublished, and thus is not binding authority. But the holding is consistent with the text and structure of the statute pertaining to review of orders of expedited removal.

ORDER

IT IS ORDERED that:

1.  Petitioner Jorge Castellanos-Guiterrez's petition, Dkt. 3, is DISMISSED for lack of jurisdiction.

2.  The clerk of court is directed to enter judgment and close the case.

Entered July 9, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5